UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 21-20631-CIV-KMM/LOUIS

MJM STRUCTURAL CORP,
a Florida Corporation,

    Plaintiff,

v.

COLUMBUS APARTMENTS LLC, *et al.*,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

**THIS CAUSE** comes before the Court upon Plaintiff's Motion to Dismiss/Strike Defendants' Notice of Removal, To Remand to State Court and Demand for Explanation ("Motion to Remand") (ECF No. 5). The matter has been referred to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B) and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, by the Honorable K. Michael Moore, Chief Judge of the United States District Court for the Southern District of Florida, for a Report and Recommendation regarding Plaintiff's request for (1) sanctions and (2) reasonable attorney's fees either pursuant to contract as to Suncoast Construction Group, or pursuant to Fla. Stat. § 713.29, 28 U.S.C. § 1447(c), or as a sanction under the Court's inherent authority contained within Plaintiff's Motion to Remand (ECF No. 9). A hearing was held on this matter on April 20, 2021. Having reviewed the Motion to Remand, considered the arguments made during the hearing, and being otherwise duly advised on the matter, the undersigned recommends that Plaintiff's request for attorney's fees be granted under the Court's inherent authority.

1

### I.   BACKGROUND

On February 16, 2021, Defendants filed a Notice of Removal to Federal Court, Pursuant to 28 U.S.C. § 1441, *et seq.*, With a Plain and Short Statement of the Grounds for Removal (the "Notice of Removal") (ECF No. 1). However, Defendants failed to file a civil cover sheet or pay the filing fee in conjunction with their Notice of Removal as required (ECF Nos. 3, 4). These deficiencies were quickly brought to Defendants' attention by the Clerk of Courts (*id.*).

The next day, Plaintiff filed the instant Motion to Remand this action to the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (ECF No. 5). Plaintiff contends that the Defendants' Notice of Removal is moot because there is no longer a Federal question involved and therefore this Court lacks jurisdiction (*id.* at ¶¶ 12-13). Additionally, Plaintiff asserts that the removal is just a dilatory and obstructive litigation tactic that wasted judicial resources. As Plaintiff explains in its Motion:

> Defendants plainly and openly abused the process to cause the February 16th foreclosure sale to be cancelled. This is evident by the fact that that Defendants opened case 21-cv-20601 without filing a cover sheet nor paying the filing fee and despite notice from the Clerk of Court to remedy same within 24 hours of filing, Defendants did not comply. Instead of complying, Defendants opened a second case, 21-cv-20631, and again did not file a cover sheet nor pay the filing fee, even though the clerk had already put the Defendants on notice of their failings. Defendants' failure to correct its deficient filings evidences that their goal was not to address a bona fide wrong, rather the goal was to cancel a duly set foreclosure sale.

(*id.* at ¶ 23). Plaintiff avers that under these circumstances, sanctions should be imposed under the Court's inherent authority, including but not limited to monetary sanctions in the form of attorney's fees (*id.* at ¶¶ 35-36). In the alternative, Plaintiff seeks an award of attorney's fees pursuant to Fla. Stat. § 713.29 or 28 U.S.C. § 1447(c), or pursuant to a contract between Plaintiff and Suncoast Construction Group, which Plaintiff avers permits prevailing party fees (*id.* at 10-11).

That same day, Chief Judge K. Michael Moore entered an Order to Show Cause as to why

2

the civil cover sheet was not filed and the filing fee was not paid as instructed by the Clerk of Court (ECF No. 6). Plaintiff responded to the Order to Show Cause (ECF No. 8) and again confirmed that Defendants twice removed this action to the Southern District of Florida by filing two identical Notices of Removal, resulting in this case and case number 21-CV-20601-DLG.[1]

Defendants, however, failed to respond to Chief Judge K. Michael Moore's Order to Show Cause, and similarly failed to respond to Plaintiff's Motion to Remand. On April 5, 2021, Chief Judge Moore granted Plaintiff's Motion for Remand (the "Remand Order") (ECF Nos. 13, 16). The Remand Order remanded the case to the Eleventh Judicial Circuit; ordered Defendants' Counsel to pay the $402.00 filing fee; referred Defendants' counsel to the Committee on Attorney Admissions, Peer Review, and Attorney Grievance for investigation; and expressly retained jurisdiction over Plaintiff's request for reasonable attorney's fees and sanctions (*id.*).

The request for reasonable fees were referred to the undersigned (ECF No. 9), and an Order setting an evidentiary hearing was entered (the "Order Setting Hearing") (ECF No 12). The Order Setting Hearing required the appearance at the hearing of a corporate representative of each named Defendant and in anticipation of their appearance via Zoom, required counsel to meet with their clients in advance of the hearing to test connectivity (*id.*). The Order Setting Hearing additionally set a deadline for Defendants to respond to Plaintiff's Motion to Remand and for Plaintiff to serve upon Defendants an explanation of the reasonable expenses being sought and evidence in support thereof (*id.*).

The day before the evidentiary hearing on Plaintiff's request for fees, Defendants filed a Notice of Appeal of the Remand Order (ECF No. 19), and on the day of the hearing, Defendants

---

[1] In Case No. 21-cv-20601, Plaintiff filed an identical Motion to Dismiss/Strike Defendants' Notice of Removal and Demand for Explanation, which was granted on March 20, 2021, based on Defendants' failure to respond. The order granting that motion, however, does not specifically address or award the requested sanctions.

further filed a Motion for Reconsideration of the Remand Order (ECF No. 20).

The evidentiary hearing was conducted as scheduled on April 30, 2021. Defendants, through counsel, violated the Order Setting Hearing in at least three ways, by failing to respond to Plaintiff's Motion to Remand by the deadline set by the Court; failing to confer with client representatives to assure their ability to appear; and failing have a corporate representative present at the hearing. Defense counsel Juan Marrero appeared and averred that he assumed the hearing would be cancelled as a result of his filings; counsel argued that a hearing on Plaintiff's request was "premature" while his motion for reconsideration was pending. Notably, the Motion for Reconsideration did not ask the Court to reconsider its Remand Order, but rather sought to supplement facts in the record (ECF No. 20).

Nigel Horsfall, corporate representative on behalf of both Defendants, appeared at the evidentiary hearing after the undersigned ordered Defendants' counsel to call his clients and have someone appear before the evidentiary hearing could continue. Mr. Horsfall testified that he learned of the evidentiary hearing for the first time that very morning, approximately fifteen minutes after the hearing began. He further testified that he was unaware of the circumstances surrounding the hearing, including the fact that the case had even been transferred to Federal Court.

No other witness was called, and Defendants presented no evidence or argument in opposition to Plaintiff's request for reasonable attorney's fees. Defense counsel stated that he did not object the reasonableness of the fees or the hourly rate being sought by Plaintiff, which amounted to $11,940.00: $9,400.00 for fees incurred in this action; $1,540.00 for fees incurred in Case No. 21-cv-20601; and $1,000.00 for costs incurred to obtain an expert opinion on the reasonableness of these fees. Instead, Defendants' counsel objected to an award of fees on the incorrect premise that an award of such fees was premature in light of Defendants' notice of

4

appeal.[2] As explained at the hearing and below, an award of fees is warranted in this case. However, the undersigned allowed Defendants' counsel the opportunity to submit a supplemental memorandum solely on the issue of who, Defendants or their counsel, should be responsible for the fees and sanctions to be imposed (ECF No. 25). Defendants' counsel once again failed to follow the Court's direction and filed what can best be described as a response to Plaintiff's Motion to Remand, which failed to address the issue of whether sanctions should be imposed on Defendants or their counsel (ECF No. 27).

## II.  DISCUSSION

"Federal courts possess certain 'inherent powers,' not conferred by rule or statute, to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017) (citations omitted). "That authority includes the ability to fashion an appropriate sanction for conduct which abuses the judicial process," including an assessment of attorney's fees. *Id.* (citations omitted). *See also Barash v. Kates*, 585 F. Supp. 2d 1368, 1371 (S.D. Fla. 2008) ("It is well established that courts may award attorney's fees and costs as a sanction pursuant to the court's inherent authority for bad faith litigation") (collecting cases). Such sanctionable conduct includes "willful disobedience of a court order" and "act[ing] in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc*., 501 U.S. 32, 45 (1991) (citations omitted) (describing circumstances under which "federal courts have inherent power to assess attorney's fees against counsel"). *See also Purchasing Power, LLC v. Bluestem Brands, Inc*., 851 F.3d 1218, 1223 (11th Cir. 2017) (Courts may exercise their inherent power "to sanction the willful disobedience of a court order,

---

[2] "During an appeal, the district court retains jurisdiction to rule on issues collateral to the issues on appeal, including motions for attorney's fees and costs." *Liberty Mut. Fire Ins. Co. v. State Farm Fla. Ins*. Co., No. 15-20941-CIV, 2018 WL 9708621, at *2 (S.D. Fla. Sept. 5, 2018).

5

and to sanction a party who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.") (citing *Marx v. Gen. Revenue Corp.*, 568 U.S. 371382 (2013)). However, such sanctions, "when imposed pursuant to civil procedures, must be compensatory rather than punitive in nature" and thus "the court can shift only those attorney's fees incurred because of the misconduct at issue." *Goodyear Tire & Rubber Co.*, 137 S. Ct. at 1186.

Defendants, through counsel, have displayed a pattern of misbehavior and willful disobedience. This began here with the filing of two identical Notices of Removal causing two separate cases to be opened in the Southern District of Florida; Defendants further failed to file a civil cover sheet or pay the filing fee upon removal; Defendants then failed to cure these deficiencies after receiving notice from the Clerk of Court (ECF Nos. 3, 4). Defendants' repeated failures caused Plaintiff to litigate the removal in two cases, incurring fees for the motions to remand, response to the Court's Order to Show Cause (which was directed to the Parties, not solely to the removing Defendants), and attendance at the evidentiary hearings.

Defendants' conduct is beyond negligent, as made clear by the pervasive disobedience of Court's orders, disregard for Federal Rules of Civil Procedure, and baseless legal positions asserted. Defendants failed to respond the Court's Order to Show Cause or respond to Plaintiff's Motion to Remand despite being ordered to do so. Defense counsel Marrero also ignored and violated the Court's Order Setting Hearing, which required him to confer with his client representatives in advance of the hearing and secure their attendance; testimony of the corporate representative revealed that Marrero failed to even *inform* the client representative about the hearing on his flawed assumption that the hearing would be cancelled by his eleventh hour filing of a motion for reconsideration. Not only did his belated filings seek to suspend the sanctions proceedings, counsel's attempt to deprive the Court of the opportunity to decide the sanctions issue

in so transparent a manner lends credence to Plaintiff's complaint that the notice of removal filed herein was similarly timed and manipulated just to suspend the state court proceedings.

Defendants actions and inactions, again, through counsel Marrero, demonstrate a willful disregard of *multiple* Court orders in this case (ECF Nos. 6, 12) as well as a disregard for the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for Southern District of Florida (*see* 28 U.S.C. § 1914(a); S.D. Fla. L. R. 3.3). As such, the undersigned finds that Defendants and their counsel have acted in bad faith and abused the judicial process to the extent that sanctions are warranted in the form of attorney's fees incurred by Plaintiff as a result of the misconduct.

### III. RECOMMENDATIONS

It is my recommendation that the award be entered jointly and severally among the Defendants and their counsel, Juan Marrero. It is patently clear that counsel bears the responsibility for the procedural deficiencies relating to the filings in this case, as well as the failure to comply with this Court's order setting the evidentiary hearing. A monetary award is warranted here to deter counsel from conducting litigation in a similar manner and to reimburse Defendants, at least in part. *Jones v. Int'l Riding Helmets, Ltd.*, 145 F.R.D. 120, 125 (N.D. Ga. 1992), *aff'd*, 49 F.3d 692 (11th Cir. 1995). Additionally, I find Defendants bear some responsibility for the unsuccessful attempt to remove the case and its prolonged appearance on this docket. Though Mr. Horsfall testified that he was unaware the case had been removed, he did not testify that counsel acted contrary to Defendants' instructions or intentions.

Thus, the undersigned respectfully **RECOMMENDS** that Plaintiff's request for sanctions be **GRANTED**, and Plaintiff be awarded the reasonable fees it has incurred in the instant action as a result of Defendants' removal, in the amount of $10,400.00. As supported by Exhibit 1 to the

hearing, this amount includes the $9,400.00 in fees incurred by Plaintiff in the instant action, 21-cv-20631, as well as the costs incurred by Plaintiff for an expert opinion on the reasonableness of these fees; that expert, Jason Klein, incurred $1,000 for 2.5 hours at an hourly rate of $400. Because the Court is limited to shifting only those attorney's fees incurred from the misconduct at issue before it, the Court declines to shift the $1,540.00 in fees incurred in case 21-cv-20601. *See Goodyear Tire & Rubber Co.*, 137 S. Ct. at 1186.

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable K. Michael Moore, Chief Judge of the United States District Court for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers this on this 14th day of May, 2021.

_____
**LAUREN F. LOUIS**
**UNITED STATES MAGISTRATE JUDGE**